# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| DONALD RAY MCCRAY, ID # 620694, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:11-CV-0087-L-BH |
| | ) | |
| FBI | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to Special Order 3-251, this case has been automatically referred for screening.

## I. BACKGROUND

On January 13, 2011, the Court received a series of letters from Plaintiff, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), that appear to complain about the failure of state and federal law enforcement officers to prosecute him for threats against judicial officers and employees. (Compl. at 1-13). Because one of the letters is specifically directed the Special Agent in Charge of the Federal Bureau of Investigation (FBI) and demands an investigation by him, the filing is liberally construed as a petition for a writ of mandamus under 28 U.S.C. § 1361 to require the FBI to investigate and prosecute certain alleged criminal acts.[1] Plaintiff neither paid the $350 civil filing fee[2] nor sought advance written permission to file suit. No process has been issued in this case.

## II. PRIOR SANCTIONS

Plaintiff is a vexatious litigant who, after numerous warnings, has been sanctioned by the

---

[1] Under 28 U.S.C. § 1361, a district court has jurisdiction in the nature of mandamus to compel an agency of the United States to perform a duty owed to a plaintiff.

[2] Because plaintiff's filing is civil in nature, it subject to the $350 filing fee for civil actions as well as the Prison Litigation Reform Act, which permits the dismissal of frivolous cases. 28 U.S.C. § 1915(e)(2)(B), (g). *See also Maldonado v. Holden*, 2010 WL 2891081 (N.D.Tex. June 25, 2010) (applying the PLRA to a writ of mandamus); *Powell v. Wilson*, 2009 WL 1973514 (N.D. Tex. July 8, 2009) (dismissing a writ of mandamus as frivolous under the PLRA).

Fifth Circuit Court of Appeals for persisting with frivolous appeals. *See McCray v. Lower*, 96 F.3d 1443 (5th Cir. 1996) (per curiam); *McCray v. Stripling*, No. 96-10554 (5th Cir. July 2, 1996); *McCray v. Fish*, No. 95-10451 (5th Cir. June 5, 1995). The Fifth Circuit barred Plaintiff from "filing any *pro se*, *in forma puaperis*, civil appeal" with the Fifth Circuit and from filing any "*pro se*, *in forma pauperis*, initial civil pleading in any court which is subject to this court's jurisdiction, without the advance written permission of a judge of the forum court[.]" *McCray v. Lower*, 96 F.3d at1443. The Fifth Circuit's order further directed "clerks of all federal district courts in this Circuit [] to return to McCray, unfiled, any attempted submission inconsistent with this bar." *Id.*[3]

This Court enforces sanctions imposed by the Fifth Circuit Court of Appeals. *Spearman v. Fulbruge*, No. 3:07-CV-1945-B-BH, 2008 WL 89515, at *2 (N.D. Tex. Jan. 7, 2008) (accepting recommendation of Mag. J.). Because Plaintiff neither paid the fee nor sought advance written permission to file, the Clerk of this Court should have docketed his submission for administrative purposes only and returned it to him unfiled as directed by the Fifth Circuit. This case should be administratively closed for failure to comply with the Fifth Circuit's prior sanction order.

### III. RECOMMENDATION

This case should be **ADMINISTRATIVELY CLOSED** for Plaintiff's failure to comply with the Fifth Circuit's sanction order that he either seek advance written permission to file a civil case or pay the civil filing fee. Plaintiff should be cautioned that he may not re-file this action or file any other civil action without either seeking advance permission from the Court or first paying the full filing fee.

---

[3]The Supreme Court of the United States also recently directed its clerk "not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and petition submitted in compliance with Rule 33.1." *See McCray v. Clerk of Court*, __U.S.__, 131 S. Ct. 281 (2010).

**SIGNED this 29th day of January, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE